### ARGUED AND DETERMINED IN

# THE SURROGATES' COURTS

#### OF THE

## STATE OF NEW YORK

WITH OTHER DECISIONS AFFECTING DECEDENTS' ESTATES.

---

In the Matter of the Determination of the Construction and Effect of a Disposition of Property Contained in the Last Will and Testament of NELLIE E. FRASER, Deceased.

JAMES EASTON FRASER, Petitioner, Appellant; CHARLES F. VAN INWEGEN, as Executor of and Trustee under the Last Will and Testament of NELLIE E. FRASER, Deceased, and EDWARD P. JONES, as Special Guardian, Respondents.

*(Supreme Court, App. Div., Second Department, December 17, 1915.)*

WILL CONSTRUED—DEVISE IN TRUST WITH CONTINGENT REMAINDERS IF BENE-FICIARY DIE WITHOUT ISSUE—DISPOSITION OF INCOME WHILE CONTINGENCY EXISTS.

The will of a testatrix gave her property to her executors in trust to use the income and principal, if necessary, for the education and mainte-nance of her two sons during their minority, and in the meantime directed the accumulation of the surplus income. When the sons respectively attained the age of twenty-one she directed that the income thereafter arising be paid to them in equal shares. The next paragraph provided that when the sons arrive at the age of twenty-five one-eighth of her estate then remaining should be paid to each child absolutely. Then, provision was made for the further payment of another one-eighth to each child upon his arrival at the age of thirty. The 5th para-graph provided that "After *such* division shall have been made, I then

direct my said executors and trustees to pay over to my said sons, the income arising from the balance of my estate, during the term of their natural lives, and in case of the death of either, without leaving lawful issue, the whole income to go to the survivor, but upon the death of either leaving lawful issue, then I give * * * to the issue of such child the undivided one-half part of my estate then remaining." It was further provided that "in case of the death of both of said children before arriving at the age of twenty-one years or after arriving at said age without leaving lawful issue, then I give * * * unto their relatives on their father's side, the property then remaining." The next paragraph empowered the trustees "to transfer and turn over unto my said sons in equal shares the whole of my said estate then remaining, or to either son a one-half part thereof, to be his absolutely, at any time after they shall arrive at the age of thirty years, and in the judgment of my said executors it would be for the best interest of said child or children to make such disposition thereof." The younger son died during his minority without issue, and without receiving any portion of the corpus. The other son survives and being over thirty years of age claims his brother's share.

*Held*, that if the surviving son should also die without issue, the father's relatives would take, so that there is an outstanding remainder in them which prevents payment to the surviving son; that in the meantime the trustee holds the property to pay the income to said son and to pay the corpus to the father's relatives if the said contingency should happen.

APPEAL by the petitioner, James Easton Fraser, from a decree of the Surrogate's Court of Orange county, entered in the office of said Surrogate's Court on the 18th day of June, 1915.

William A. Parshall, for the appellant.

Edward P. Jones, special guardian, respondent.

C. E. Cuddeback, for the respondent Charles F. Van Inwegen, as executor and trustee.

THOMAS, J.—August 13, 1896, Mrs. Fraser, then a widow, made her will and died on the following twentieth day of that

month, leaving two sons, James, thirteen years old, and Charles, seven years old, as her heirs at law and next of kin. James is now past thirty years old. Charles died without issue in 1907 at the age of eighteen years. Van Inwegen is the sole acting executor and trustee. The primary question is whether James takes the one-half of the corpus of the estate in the first instance intended for Charles, or whether he takes the income of it, which is conceded, and the corpus passes to the relatives of his father, if he should die without issue. The testatrix expressed her desire for the investment and management of her estate so " as to best further the interest of " her children, but her will shows a plan for the disposal of her property, and it must be accepted as indicating what she regarded as best for their welfare. Her intention was to give her property to her executors in trust to use the income, and principal if necessary, for the appropriate education and maintenance of her children during their minority, and meantime to accumulate the surplus income. " But from and after their arrival at the age of twenty-one years, then I direct that the income thereafter arising * * * be paid over to them to each one-half part." I incline to the conclusion that she meant until they severally arrive at the age of twenty-one, inasmuch as the next paragraph provides " that when my said children shall arrive at the age of twenty-five years, one-eighth of my entire estate then remaining shall * * * be paid over to each said child to be his absolutely." But when James would become twenty-five Charles would still be under twenty-one. The next sentence also shows that it was the intention to pay the one-eighth to each child upon his arrival at majority. Then provision is made for the payment of another eighth of the principal to each child upon his arrival at the age of thirty years. I note the intent to regard each child as separately taking upon arriving at a given age, as it may have some bearing upon later clauses. The 5th paragraph provides: " After *such* division shall have

been made, I then direct my said executors and trustees to pay over to my said sons, the income arising from the balance of my estate, during the term of their natural lives, and in case of the death of either, without leaving lawful issue, the whole income to go to the survivor but upon the death of either leaving lawful issue, then I give  *  *  *  to the issue of such child the undivided one-half part of my estate then remaining." Pausing here for a moment, the meaning of the language may be stated.  It was to keep the income of the estate remaining after payments made pursuant to paragraph 4 of the will to the sons for life, but if either died without leaving issue the income should be paid to the survivor; but if the one dying left issue it should take " the undivided one-half part of my estate then remaining."  But the testatrix made a subsequent provision that might defeat the above direction in whole or in part, for the 6th paragraph empowers the trustees " to transfer and turn over unto my said sons, in equal shares the whole of my said estate then remaining, or to either son, a one-half part thereof, to be his absolutely, at any time after they shall arrive at the age of thirty years, and in the judgment of my said Executors it would be for the best interest of said child or children to make such disposition thereof."  That power was executed as to James, but his present contention is that he took Charles' interest at the latter's death and that the executor can pay that to him under the power.  The 5th clause, I conclude, comprehends the whole of the one-half of the estate intended for Charles had he lived to take under the execution of the power.  But he died without issue.  Then James took the income and in any case would take the principal as the sole surviving heir of his mother, if no inconsistent gift of it were made.  But paragraph 5 continues: " and in case of the death of both of said children before arriving at the age of twenty-one years or after arriving at said age without leaving lawful issue, then I give  *  *  * unto their relatives on their father's

side, the property then remaining." The will provides what may be done with the income and principal if both live, to wit, each shall take one-fourth by the time he reaches thirty years, and power is given to the trustee to enlarge the gift to either to a one-half upon his reaching that age. But if the power be not exercised as to either, his share shall be kept invested and paid to him, or, if he die without issue, to the survivor, or, if he die with issue, such issue shall take the corpus. But Charles died without issue before receiving one-eighth, one-quarter, or one-half under the power, as he might if he lived. There is no power in the trustee to give that to James; the father's relatives cannot now take it because the condition is that both sons die without issue; but Charles has died without issue, and if James also should die without issue the condition would be fulfilled and the father's relatives would take. Meantime, awaiting the event, the trustee holds the property to pay the income to James, as the will in effect directs in case of the death of Charles, and to pay to the father's relatives if the appointed event should happen. The language does not require each child, or both children, to die before arriving at the age of twenty-one or before any particular age. The essential provision is that they both die without issue, before the exercise of the discretionary power in the trustee to vest the title of each share in the child for whom it was intended. But the trustee cannot pay Charles' former interest to James without first finding that the will gives that interest to James in case of Charles' death. The income is given him; the principal absolutely to Charles' issue if such be left; but in absence of such issue no similar language is used as to the survivor taking. Hence, there is no interest in James on which the power can operate, while on the other hand there is a conditional gift to the father's relatives. That gift could be defeated by the execution of the power if it was broad enough to cover it, but (1) the power relates to a gift of

one-half to each child; (2) it enables the title to be given only to one who was intended to take it under the will.

The decree of the Surrogate's Court of Orange county should be affirmed, with costs.

JENKS, P. J., CARR, STAPLETON and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Orange county affirmed, with costs.